IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CARLA BRYCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-775-D |
| | ) | |
| TRACE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

Before the Court is Defendant Trace, Inc.'s Motions in Limine [Doc. No. 20], which Plaintiff
has timely opposed.  Defendant seeks to prohibit Plaintiff from presenting evidence or argument at
trial concerning enumerated categories of information.  The Court rules on these issues as follows:

**1.      Psychological Conditions**

In this Title VII case, Plaintiff seeks damages for emotional distress (and other injuries)
allegedly caused by gender discrimination and retaliation.  Before the time period relevant to this
action, Plaintiff received professional treatment for anxiety and depression, but she did not seek
additional treatment after the events at issue in this case.  Defendant moves to exclude any testimony
that Plaintiff suffered anxiety or depression as a result of Defendant's alleged conduct on the
grounds that lay persons are not qualified to provide psychological opinions and any such testimony
should be excluded as unduly prejudicial under Fed. R. Evid. 403.  Plaintiff responds that she is
competent to testify about her own emotional injuries and such evidence is proper for the jury's
consideration.

Emotional distress or psychological injury is a proper component of compensatory damages
under 42 U.S.C. § 1981a, which permits recovery for "emotional pain, suffering, inconvenience,

mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C. § 1981a(b)(3).

A plaintiff need not present expert testimony to support recovery of such damages.  *See O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248, 1257 & n.4 (10th Cir. 2001); *see also Kim v. Nash Finch Co.*, 123 F.3d 1046, 1065 (8th Cir. 1997) ("expert evidence is not required to prove emotional distress;" a plaintiff's own testimony may be sufficient).  A lay witness may testify regarding opinions "rationally based on the perception of the witness" and "helpful to . . . the determination of a fact in issue."  Fed. R. Evid. 701.  In this case, Plaintiff must prove that any emotional injuries she suffered were caused by unlawful conduct, but she need not provide expert testimony to establish that fact.

In light of the Court's summary judgment ruling, the claims remaining for trial concern the termination of Plaintiff's employment, and relevant evidence would concern any emotional distress Plaintiff suffered as a result of that event.  If such evidence is presented, Defendant may properly inquire into alternate or multiple causes of Plaintiff's alleged emotional distress, including past psychological problems.  *See York v. American Tel. & Tel. Co.*, 95 F.3d 948, 957 (10th Cir. 1996).

Accordingly, Defendant's motion to exclude testimony regarding Plaintiff's psychological conditions will be denied.

**2.      Age Discrimination and Discriminatory Hiring**

Defendant moves to exclude any evidence regarding age discrimination or discrimination in hiring because Plaintiff has abandoned her claims of age discrimination and has not asserted a claim of discriminatory hiring.  In response, Plaintiff agrees that no such evidence will be presented.  Thus, Defendant's motion to exclude evidence of age discrimination and discriminatory hiring is moot.

**3.      Evidence of Harassment before May, 2005**

2

Defendant moves to exclude any evidence of discrimination or harassment occurring before May, 2005, based on Plaintiff's deposition testimony that the alleged sexual harassment began at that time.  In response, Plaintiff states she does not plan to testify that she was subjected to harassment before May, 2005, but she should be allowed to present evidence regarding the overall work environment before and after that time in order to place the post-May harassment in context. In light of the Court's summary judgment ruling, no claim of hostile work environment sexual harassment will be decided by the jury, and all evidence of sexual harassment is irrelevant, except as such evidence may be appropriate to show Plaintiff began complaining of sexual harassment in May, 2005.  Evidence that Plaintiff believed she was a victim of sexual harassment and complained about it is necessary to her claim of retaliatory discharge.  Accordingly, the Court reserves for decision at trial any necessary rulings on the admissibility of evidence regarding Plaintiff's working conditions before May, 2005.

**4.     Witness Bobby Duvall**

Defendant moves to exclude all testimony by a former employee, Bobby Duvall, on the ground that he lacks personal knowledge of relevant information because his employment ended on April 29, 2005, before the time period relevant to Plaintiff's claims.  Further, Defendant argues that any relevance of Mr. Duvall's testimony would be outweighed by the potential for jury confusion and unfair prejudice, and thus his testimony should be excluded under Fed. R. Evid. 403.  Plaintiff responds that Mr. Duvall was one of her immediate supervisors until his termination, and he can provide important evidence regarding Plaintiff's work environment and job performance as well as Defendant's personnel policies and practices.

In light of the summary judgment ruling, Mr. Duvall's testimony regarding Plaintiff's alleged hostile work environment and her alleged harasser, Johnny Miller, is relevant only to the extent it

bears on Plaintiff's claim of retaliation, as discussed above.  Accordingly, the Court reserves for

ruling at trial Defendant's objections to this area of inquiry.  Mr. Duvall's testimony regarding

Plaintiff's work performance and Defendant's personnel policies within two months of Plaintiff's

termination is plainly relevant.  The affidavit of Mr. Duvall submitted by Plaintiff in opposition to

Defendant's motion for summary judgment demonstrates that Mr. Duvall has personal knowledge

of Defendant's policies related to sick leave, discipline, and discharge that may assist jurors in

deciding Plaintiff's claims that her termination was motivated by gender discrimination and

retaliation.  Defendant's evidence of changed circumstances after Mr. Duvall was terminated may

diminish the probative value of this evidence, but the credibility and weight to be given Mr. Duvall's

testimony are matters for decision by the jury.  Further, although Defendant may have valid concerns

about some testimony that Plaintiff wishes to elicit from Mr. Duvall, objections to particular

questions are appropriate subjects of contemporaneous objections at trial.  The Court cannot rule

prior to hearing Plaintiff's examination of Mr. Duvall that all of his testimony should be excluded.

Accordingly, Defendant's motion to exclude Mr. Duvall as a trial witness will be denied.

**5.    Evidence Regarding Johnny Miller**

Defendant moves to exclude all evidence regarding conduct and statements of Plaintiff's

alleged harasser, Mr. Miller, that occurred outside the relevant time period, that is, before May,

2005, or after Plaintiff's termination.  Like evidence of pre-May, 2005, harassment generally,

Defendant contends such evidence lacks probative value and would be unfairly prejudicial.  Like

her previous response, Plaintiff argues that an absolute time frame is inappropriate and that she

should be allowed to introduce evidence of events before May, 2005, and after June, 2005, to prove

her claims.  Plaintiff also contends the fact Mr. Miller was terminated and later rehired, while she

4

was terminated with a "no-rehire" designation, is circumstantial evidence of Defendant's discriminatory motive.

As stated above, evidence to prove sexual harassment is unnecessary in light of the Court's summary judgment ruling, but such evidence may have some bearing on Plaintiff's claims of retaliatory discharge.  Further, evidence that Mr. Miller violated work rules of comparable seriousness to Plaintiff's absenteeism or insubordination and received lesser discipline may be appropriate for consideration by the jury in deciding Defendant's reason or reasons for terminating Plaintiff, regardless of the timing of such events.  Accordingly, the Court reserves for decision at trial any necessary rulings on the admissibility of evidence regarding Mr. Miller's conduct before May, 2005, and after June, 2005.

IT IS THEREFORE ORDERED that Defendant's motion in limine [Doc. No. 20] is DENIED.  The denial is without prejudice to Defendant's assertion of contemporaneous objections at trial to evidence regarding Plaintiff's working conditions before May, 2005, testimony of Bobby Duvall, and testimony regarding conduct and statements of Johnnie Miller before May, 2005, and after June, 2005.

IT IS SO ORDERED this 31st day of March, 2008.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE