IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CARLA BRYCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-775-D |
| | ) | |
| TRACE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Plaintiff's Motion in Limine [Doc. No. 21], which Defendant has timely opposed. Plaintiff seeks to prohibit Defendant from presenting evidence or argument at trial concerning enumerated categories of information. The Court rules on these issues as follows:

**1.   Unemployment Benefits and Prior Lawsuits**

Plaintiff moves to exclude all evidence that she sought unemployment compensation benefits after her termination and that she was a party to prior lawsuits before her employment by Defendant. Characterizing such matters as unrelated legal proceedings, Plaintiff contends those proceedings are irrelevant and, alternatively, any probative value of information about them is substantially outweighed by the danger of unfair prejudice and jury confusion. She thus seeks the exclusion of this evidence under Fed. R. Evid. 401-403. Defendant responds that it agrees not to introduce any evidence concerning Plaintiff's application for unemployment compensation but that evidence concerning Plaintiff's previous workers' compensation cases is "highly probative to Plaintiff's truth and veracity" regarding the nature and extent of a pre-existing injury and its effect on her ability to perform certain tasks. *See* Def.'s Resp. Br. [Doc. No. 28] at 1. Defendant also argues this evidence may be needed to rebut unspecified evidence to be presented by Plaintiff.

As the Court understands Defendant's argument, Defendant wishes to preserve its ability to utilize evidence of Plaintiff's past worker's compensation claims for impeachment purposes. Defendant has provided an insufficient justification, however, for its proposed use of this evidence. The Court questions how a prior worker's compensation proceeding – as distinguished from the existence of a prior injury – would be a relevant subject of cross-examination of Plaintiff regarding a pre-existing injury or impairment, or would be relevant evidence in this employment discrimination case. The Court is inclined to agree with Plaintiff that her past legal proceedings have no bearing on her present claims and this information would be unduly prejudicial. The Court will thus grant Plaintiff's motion on this issue, but upon a timely request by Defendant made outside the presence of the jury at trial, the Court may revisit this issue if warranted by the evidence.

Accordingly, Plaintiff's motion to exclude testimony regarding unemployment compensation is moot; her motion to exclude testimony regarding any past lawsuits will be granted, without prejudice to a timely request by Defendant during trial to permit inquiry into past workers' compensation claims.

**2.      Prior Performance and Disciplinary Records**

Plaintiff moves to exclude from evidence at trial all performance and disciplinary records from prior employers. She argues that any work performance or disciplinary matter that pre-dates her employment by Defendant has no relevance to any issue in this case and introducing such matters at trial would prejudice her case and confuse the jury. She invokes Fed. R. Evid. 401-403.

In response, Defendant agrees that no evidence of Plaintiff's past disciplinary records will be offered at trial, except as they might be needed to counter any evidence presented by Plaintiff regarding a positive employment record with prior employers. As to Plaintiff's past performance records, however, Defendant argues that Plaintiff's employment history in past jobs is relevant to

allegations by Plaintiff that Defendant denied her employment opportunities; Defendant proposes to present records from prior employers to show "Plaintiff's lack of ambition to receive promotions as well as her inability to achieve such promotions from employers that are not subject to her allegations in this suit." *See* Def.'s Resp. Br. [Doc. No. 28] at 2.

The Court is unaware of any claim asserted by Plaintiff that she was denied a promotion or another employment opportunity by Defendant. No such adverse employment action is mentioned in the Complaint, the summary judgment papers, or the Final Pretrial Report. Under the summary judgment ruling, no claim regarding a denial of promotion or an employment opportunity remains for trial. Any evidence that Plaintiff might wish to present regarding discrimination or retaliation in the lack of a promotion would be irrelevant and would be excluded upon Defendant's timely objection. Thus, absent any change of circumstances, the Court rejects Defendant's theory of admissibility of Plaintiff's past performance records.

Accordingly, Plaintiff's motion to exclude evidence of prior performance and disciplinary records will be granted. If Defendant should wish to utilize such records at trial for impeachment purposes, Defendant should so advise the Court outside the presence of the jury.

**3.     References to the Motion in Limine**

Plaintiff moves to exclude any reference to the fact she filed this motion; she seeks to prevent any impression by jurors that she sought to keep unfavorable evidence from them. Defendant makes no response to this contention. In fact, Plaintiff's request reflects the expected trial practice and merits no discussion. The Court finds this aspect of Plaintiff's motion should be granted.

**4.     Failure to Call Witnesses**

Plaintiff moves to exclude any reference to her failure to call certain witnesses to testify at trial. She contends any comment on or speculation about possible testimony of an absent witness

would be improper under Fed. R. Evid. 403. The Court reserves ruling on this aspect of the motion pending the presentation of evidence at trial.

**5.     EEOC Dismissal and Notice of Right to Sue**

Plaintiff moves to exclude all evidence regarding the EEOC's issuance of a notice of dismissal and right to sue regarding her administrative charge of discrimination and retaliation. She argues that EEOC proceedings and agency action are irrelevant to the jury's determination of the issues and would be misunderstood by jurors. Defendant makes no response to this contention, and thus the Court deems this issue confessed. Accordingly, Plaintiff's motion to exclude evidence regarding the EEOC's dismissal notice will be granted.

**6.     Dismissed and Abandoned Claims**

Plaintiff moves to exclude all references to claims asserted in the Complaint that the Court has resolved by summary judgment (hostile work environment) and that Plaintiff has voluntarily dismissed or abandoned (age discrimination). Defendant makes no response to this contention. Like other pretrial rulings, shielding such matters from the jury is common practice. Accordingly, Plaintiff's motion to prohibit references to her dismissed and abandoned claims will be granted.

**7.     Prior Terminations of Employment**

Plaintiff moves to exclude all evidence regarding previous terminations of employment or other circumstances under which she was separated from employment with prior employers. In response, Defendant agrees that no evidence of Plaintiff's past terminations or separations from employment will be introduced at trial, except to the extent Plaintiff's prior employment records may be needed to counter any allegations that Defendant denied Plaintiff employment opportunities and promotions. *See* Def.'s Resp. Br. [Doc. No. 28] at 2 (referencing its objection to No. 2 above).

Like Plaintiff's past performance and disciplinary records, the Court perceives no proper basis for admission of evidence regarding prior terminations in the trial of Plaintiff's claims.

Accordingly, Plaintiff's motion to exclude evidence of previous terminations or separations from employment will be granted. As stated above, to the extent Defendant desires at trial to utilize such records for impeachment purposes, Defendant should so advise the Court outside the presence of the jury.

**8.    Defendant's Nonprofit Status**

Plaintiff moves to exclude all evidence of and references to Defendant's status as a "not for profit" corporation. Plaintiff claims this evidence is irrelevant, would confuse the jury about Defendant's ability to satisfy a damages award, and would prejudice Plaintiff by causing the jury to award a reduced amount. Defendant responds that its status is highly relevant because Plaintiff's claims implicate Defendant's organizational policies and procedures and because Defendant will rely for its defense on its organizational mission of providing employment for individuals who have difficulty maintaining employment elsewhere. Defendant also argues that its financial status and ability to pay damages are relevant for the jury's consideration.

The Court is persuaded by Defendant's arguments that its corporate structure and organizational mission are relevant for the jury's consideration, particularly where Plaintiff will urge the jury to infer discrimination from Defendant's allegedly inconsistent application of its policies regarding absenteeism and discipline. Also, the Court notes that Plaintiff includes in her Complaint and in the Final Pretrial Report a request for punitive damages. A defendant's finances are a proper factor for consideration in awarding punitive damages, if the jury finds an award is warranted. While intimating no view regarding such damages, the Court notes that a civil rights action under § 1983 involves a single trial proceeding; there is no bifurcated, second-stage proceeding regarding

an amount of punitive damages. Thus, Defendant's financial status is a relevant subject of trial inquiry.

Accordingly, Plaintiff's motion to exclude evidence of Defendant's nonprofit status will be denied.

**9.    OSHA Complaint**

Plaintiff moves to exclude all evidence of and references to a complaint made by Plaintiff to the U.S. Occupational Safety and Health Administration after her termination, alleging that Defendant maintained unsafe working conditions. Plaintiff contends this filing is irrelevant to any issue in this case and any probative value is substantially outweighed by the danger of unfair prejudice and jury confusion. Defendant responds that this evidence is "particularly probative on the issue of Plaintiff's veracity and truthfulness. Further, such evidence relates to Plaintiff's motivations for filing suit . . . ." *See* Def.'s Resp. Br. [Doc. No. 28] at 3.

Defendant has failed to justify its proposed use of this evidence, which appears to be irrelevant to Plaintiff's claims of discriminatory and retaliatory termination. Defendant does not explain how Plaintiff's filing an OSHA complaint after her termination bears on her credibility as a witness or how her motivation for filing this action is a relevant trial issue. The Court is inclined to agree with Plaintiff that any probative value of her OSHA filing is substantially outweighed by the danger of unfair prejudice. Thus the Court will grant Plaintiff's motion to exclude such evidence, but upon a timely request by Defendant made outside the presence of the jury at trial, the Court may revisit this issue if warranted by the evidence.

Accordingly, Plaintiff's motion to exclude evidence regarding her post-termination OSHA complaint will be granted, without prejudice to a timely request by Defendant during trial to permit inquiry into this complaint.

**10.     Union Grievance**

Plaintiff moves to exclude all evidence of and references to a union grievance she filed against Defendant after her employment ended. Plaintiff contends this filing, and any hearing and determination regarding it, are not relevant and any probative value is substantially outweighed by the danger of unfair prejudice to Plaintiff and a danger of jury confusion. Like the OSHA complaint, Defendant contends the union grievance is relevant to Plaintiff's veracity and her motivation for filing suit; Defendant also contends this evidence could be used for impeachment purposes. Like the OSHA complaint, the Court finds the fact Plaintiff grieved her termination appears to have no relevance to the trial issues and Defendant has failed to justify its proposed use of this evidence. Of course, to the extent Plaintiff testified at any hearing concerning that grievance in a manner that seems inconsistent with her trial testimony, the prior testimony would be an appropriate basis for impeachment, but a disclosure of the nature of the prior hearing may be unnecessary.

Accordingly, Plaintiff's motion to exclude evidence of her post-termination union grievance will be granted, without prejudice to a timely request by Defendant during trial to permit inquiry into the grievance if warranted by the evidence.

**11.     Unemployment Benefits**

Plaintiff makes a duplicative argument regarding the same issue raised under No. 1 above concerning her filing a claim for unemployment compensation benefits after her employment, which has already ben addressed *supra.*

**12.     Workers' Compensation Claims**

Plaintiff moves to exclude all evidence of and reference to any claim for worker's compensation benefits filed against former employers or against Defendant. Like its response to No. 1 regarding other lawsuits, Defendant argues this evidence is relevant to Plaintiff's truthfulness

concerning her injury and its effect on her ability to perform certain tasks, as well the necessity and reasonableness of her absences while working for Defendant.

The Court concludes, as it did above with regard to No. 1, that Defendant has failed to justify its proposed use of evidence of Plaintiff's past workers' compensation claims against former employers or against Defendant for impeachment purposes in this case. The Court has difficulty picturing a scenario under which a workers' compensation proceeding – as opposed to a work-related injury – would be a proper subject of cross-examination of Plaintiff or would be relevant defense evidence in this case. Defendant can inquire into Plaintiff's physical injuries and their affect on her work abilities and attendance record without mentioning whether any injury was the subject of a worker's compensation case. Of course, to the extent Plaintiff may testify inconsistently at trial with any sworn statement or testimony given in a prior worker's compensation case, the prior testimony would be an appropriate basis for impeachment.

Accordingly, Plaintiff's motion to exclude testimony regarding her workers' compensation claims will be granted, without prejudice to a timely request by Defendant during trial to permit inquiry into a particular workers' compensation claim or proceeding.

**13.     Untimely Disclosed Witnesses**

Plaintiff moves to exclude all testimony of five witnesses listed by Defendant in the Final Pretrial Report that were not timely disclosed within the time periods for identifying witnesses and completing discovery. These witnesses are Carol Enloe, Chastity Lambert, Ikie Jones, Doris Rustler, and Jose Williamson. Plaintiff contends Defendant has included these new witnesses in the Final Pretrial Report in violation of the Scheduling Order. In response, Defendant admits these new witnesses were untimely disclosed but argues that good cause exists to allow them to testify, that it would be prejudiced by their exclusion, and Plaintiff would not be prejudiced by their inclusion.

Defendant filed its final witness list on April 16, 2007, as required by the Scheduling Order and Fed. R. Civ. P. 26(a)(3)(A). At the time of its disclosure, Defendant knew that Plaintiff expected to call Bobby Duvall to testify "to Plaintiff's hostile work environment; retaliation; performance; policy and procedure regarding absences." *See* Pl.'s Witness & Exhibit List [Doc. No. 10] at 1. Defendant apparently did not depose Mr. Duvall and first learned the substance of his testimony when Plaintiff submitted his affidavit in opposition to Defendant's summary judgment motion. Plaintiff filed her summary judgment response on July 23, 2007. Nevertheless, Defendant did not supplement its disclosures at that time to include the additional witnesses that allegedly are needed to counter Mr. Duvall's testimony, as required by Fed. R. Civ. P. 26(e)(1), nor did Defendant move at any time to amend its final witness list to add these witnesses. Instead, Defendant unilaterally included them in the Final Pretrial Report, which was filed on the final day for completing discovery. In so doing, Defendant violated both the letter and spirit of the federal rules and the Scheduling Order, which expressly provided that no witness would be permitted to testify in a party's case in chief unless included in the party's filed witness list. *See* Scheduling Order [Doc. No. 9] at 1.

Defendant relies on an exception to the rule of exclusion when good cause is shown, and argues that Plaintiff would not be prejudiced by the addition of these witnesses because Defendant offered to arrange for their depositions at Plaintiff's earliest convenience. The Court finds, however, that Defendant has failed to establish good cause. In fact, Defendant has not shown any cause at all for failing to conduct timely discovery concerning Mr. Duvall's expected testimony and failing to supplement its disclosures in a timely manner upon learning the substance of his testimony. The Court also finds that Plaintiff will be prejudiced by Defendant's untimely disclosure, which added five new witnesses on the day discovery was due to be completed. Defendant's offer to arrange for

9

depositions after the close of discovery, without taking any affirmative step to obtain relief from that deadline, rings hollow.  Nor could Plaintiff conduct informal discovery of the witnesses' likely testimony.  No contact information was provided for three of the five witnesses; they appear in Defendant's list with a notation "address unknown."  *See* Final Pretrial Report [Doc. No. 23] at 16.  The other two witnesses were available only "c/o Defendant's counsel."  *See* Final Pretrial Report [Doc. No. 23] at 15-16.  Thus the Court finds that Plaintiff would be prejudiced by permitting Defendant's new witnesses to testify without disclosing  the substance of their anticipated testimony.[1]  Finally, the Court also finds Defendant has failed to establish it would be prejudiced by their exclusion; Defendant makes a vague claim of prejudice without identifying the significance of the witnesses' anticipated testimony to its case.

Accordingly, Plaintiff's motion to exclude the Defendant's untimely disclosed witnesses will granted.

IT IS THEREFORE ORDERED that Plaintiff's motion in limine [Doc. No. 21] is granted in part and denied in part.  Evidence of or references to the following matters will be excluded from trial:  unemployment compensation benefits; Plaintiff's prior lawsuits before she was employed by Defendant; employment performance and disciplinary records from Plaintiff's past employers; her motion in limine; the EEOC's Dismissal and Notice of Right to Sue; adjudicated (hostile work environment) and abandoned (age discrimination) claims in this lawsuit; Plaintiff's previous terminations or separations from employment by other employers; Plaintiff's OSHA complaint against Defendant; Plaintiff's union grievance concerning her termination; workers' compensation

---

[1] The Final Pretrial Report contains an identical description concerning each of the five witnesses which states: "May testify to her observation of the work environment during all relevant times hereto; treatment of female employees; and observations of Plaintiff's work performance."

10

claims against former employers or Defendant; and untimely disclosed witnesses.  Evidence of the following will be permitted:  Defendant's status as a not-for-profit corporation.

IT IS SO ORDERED this 31st day of March, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE